# BRACH | EICHLER LLC

Eric J. Boden
Direct Dial: 973-403-3101
Direct Fax: 973-618-5921
E-mail: eboden@bracheichler.com



May 1, 2025

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:   *Charles v. Unity Wireless et al.*
              Case No. 1:24-cv-03461-KPF

Dear Judge Polk-Failla:

      This firm represents Defendant Unity Wireless, Inc. ("Unity") in the above-referenced matter. We write in response to Plaintiff Nicolas A.N. Charles' ("Plaintiff") requests for the Court to issue eight subpoenas, which Unity first received on April 29, 2025, despite being file-stamped one day prior. (Dkt. Nos. 38-45.) As explained below, Plaintiff's subpoenas are premature and impermissible. Accordingly, the Court should respectfully deny Plaintiff's request to issue subpoenas at this juncture. Alternatively, if deemed necessary, the Court should respectfully grant Unity leave to file a motion to stay discovery on an expedited basis to prevent Plaintiff's improper discovery from proceeding.

      Plaintiff's subpoenas are premature because discovery is currently closed. Under Federal Rule of Civil Procedure 26(d), a "party may not seek discovery from any source before the parties have conferred as required by 26(f)," besides for specific circumstances that are irrelevant here. Plaintiff, however, refused to schedule any Rule 26(f) conference, despite Unity's good faith efforts to schedule a conference to discuss its position that discovery should be stayed pending Unity's motion to dismiss. (*See* September 26, 2024 email correspondence attached hereto as *Exhibit A*.) Accordingly, Plaintiff "may not" seek any discovery at this stage. Fed. R. Civ. P. 26(d). (Dkt. Nos. 38-45.)

      Additionally, there is more than "good cause" to stay discovery pending adjudication of Unity's motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1) (*see* also Dkt. Nos. 33-37.) One critical factor that Courts "should" consider when deciding whether to stay discovery is "the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's,*

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

515 N. Flagler Drive
Suite P-300
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

The Honorable Katherine Polk Failla
Page 2

*Inc.*, 316 F.Supp. 3d. 675, 677 (S.D.N.Y. 2018)(quotation omitted). As explained in Unity's pre-motion letters and moving papers, (Dkt. Nos. 13, 29, 33-37), Unity's motion to dismiss is extremely strong for at least three reasons. *First*, the Court lacks subject matter jurisdiction because 47 U.S.C. § 207 prohibits Plaintiff from filing this action after he already asserted a nearly identical complaint with the Federal Communications Commission. *Second*, Plaintiff's allegation that he incurred damages in March 2024 based on events that occurred in April 2024 is completely illogical. *Third,* Plaintiff's Second Amended Complaint lacks the details required by Rules 8 and 9(b).

Unity has attempted to confer with Plaintiff concerning this issue and has requested confirmation as to whether any subpoenas have been served. Plaintiff has not yet responded to Unity's outreach. Unity, nonetheless, was constrained to file this letter because of the upcoming return date of Plaintiff's impermissible discovery demands.

Accordingly, Plaintiff's request for the Court to issue subpoenas should be denied without prejudice. If the Court deems that Unity must file a motion to prevent Plaintiff's improper subpoenas from proceeding, kindly accept this letter as a request for leave to file an expedited motion to stay all discovery pending Unity's motion to dismiss.

Thank you for Your Honor's attention to this matter. Please do not hesitate to contact my office if you require anything further.

Respectfully submitted,

Eric Boden, Esq.

Enclosure:
cc: Nicolas Charles (via email & certified mail)

The Court wishes to ensure that Plaintiff's claims asserted in the two cases currently before this Court, 24 Civ. 3461 and 25 Civ. 702, are plausible before discovery ensues.

Accordingly, the Court DENIES Plaintiff's requests to issue subpoenas at this time, without prjudice to their renewal after the Court's decision on the Motion to Dismiss. (*See* 24 Civ. 3461, Dkt. #38-45).

The Clerk of Court is directed to terminate the pending motion at docket entry 46, and to mail a copy of this endorsement to Plaintiff at his address of record.

Dated:    May 2, 2025           SO ORDERED.
          New York, New York

                                *[signature]*

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE